KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA BEVERS; <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL CREDIT SYSTEMS, INC., a Georgia corporation <br><br> Defendants. | Case No.: 2:17-cv-01476 <br><br><br> **COMPLAINT** |

Plaintiff, MARIA BEVERS (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, brings this complaint against Defendant, NATIONAL CREDIT SYSTEMS, INC. (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1.  PLAINTIFF brings this action for statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

**JURISDICTION AND VENUE**

2.  The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Las Vegas, Nevada.

## PARTIES

4. PLAINTIFF is a natural person residing in Henderson, Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT was formed in Georgia, the principal purpose of whose business is the collection of debts, with a principal place of business at 3750 Naturally Fresh Blvd., Atlanta, GA 30349.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. In June of 2016, PLAINTIFF moved out of the Montecito Pointe apartment complex.

11. At the time of move-out, PLAINTIFF paid what she believed was due.

12. On July 30, 2017, Esther Contreras, the Assistant Manager of Montecito Pointe Apartments, called to notify PLAINTIFF that there remained a past due balance of $45.15.

13. PLAINTIFF immediately paid the $45.15.

14. On February 16, 2018, DEFENDANT sent, or caused to be sent, an initial collection letter to PLAINTIFF regarding a past due debt allegedly owed to Montecito Pointe Apartments. See **Exhibit 1**.

15. On February 26, 2018, PLAINTIFF notified DEFENDANT that she disputed owing the debt, by U.S. Mail and email. See **Exhibit 2**.

16. Included with PLAINTIFF's written dispute was an email from Montecito Pointe Apartment stating that PLAINTIFF'S account was "paid in full and satisfied." *Id*.

17. On March 21, 2018, DEFENDANT sent, or caused to be sent, another collection letter to PLAINTIFF. See **Exhibit 3**.

18. This letter threatened to report the debt to the three national credit bureaus if she did not enter into a repayment agreement. *Id*.

19. On April 2, 2018, DEFENDANT credit reported the alleged debt.

20. DEFENDANT did not report the debt as disputed.

21. On April 19, 2018, DEFENDANT sent, or caused to be sent, a letter to PLAINTIFF acknowledging that the debt is disputed. See **Exhibit 4**.

### FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDPCA 15 U.S.C. § 1692g(b)

22. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23. "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed…the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." 15 U.S.C. § 1692g(b).

24. Here, DEFENDANT sent its initial collection to PLAINTIFF on February 16, 2018. Ex. 1.

25. On February 26, 2018, less than 30 day later, PLAINTIFF disputed owing the debt, in writing. Ex. 2.

- 3 -

26. At this point, DEFENDANT should have ceased collection activities until it verified the alleged debt. 15 U.S.C. § 1692g(b).

27. However, on March 21, 2018, DEFENDANT sent another collection letter to PLAINTIFF. Ex. 3.

28. This letter threatened to report the debt to the three national credit bureaus if PLAINTIFF did not enter into a repayment agreement. *Id*.

29. On April 2, 2018, DEFENDANT credit reported the alleged debt.

30. On April 19, 2018, DEFENDANT finally acknowledged PLAINTIFF'S dispute. Ex. 4.

31. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

32. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE FDPCA 15 U.S.C. § 1692e(8)

33. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 32 inclusive, above.

34. A debt collector is prohibited from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added).

35. Here, PLAINTIFF notified DEFENDANT on or about February 26, 2018 that she disputed owing the debt. Ex. 2.

- 4 -

36. Included with PLAINTIFF's written dispute was an email from Montecito Pointe Apartment stating that PLAINTIFF'S account was "paid in full and satisfied." *Id*.

37. On April 2, 2018, DEFENDANT credit reported the alleged debt.

38. DEFENDANT did not report the debt as disputed.

39. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

40. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

41. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and that judgment be entered against DEFENDANT for the following:

(1) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(3) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(4) For any and all other relief this Court may deem appropriate.

Dated this 7th day of June 2018

Respectfully Submitted,
**GESUND & PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nevada Bar No. 10881
5550 Painted Mirage Road
Suite 320
Las Vegas, NV 89149
Telephone: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*